IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CRUZ LOPEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. EP-11-CV-430-RFC |
| | ) | (by consent) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This is a civil action seeking judicial review of an administrative decision of the Commissioner of the Social Security Administration ("Commissioner" and "SSA" respectively), denying Cruz Lopez's application for benefits under Title XVI of the Social Security Act. The Commissioner has filed a motion to dismiss the action, pursuant to Federal Rule of Civil Procedure 12(b)(6), due to Plaintiff's failure to timely seek judicial review. The Court finds that the Commissioner's motion should be GRANTED, and Plaintiff's complaint DISMISSED.

**PROCEDURAL HISTORY**

Plaintiff's application for benefits was denied initially and on reconsideration and Plaintiff requested an Administrative Law Judge (ALJ) hearing to review Plaintiff's application *de novo.* The ALJ issued her decision on August 16, 2010, denying benefits. (Doc. 14, Declaration at 3) Plaintiff's request for review was denied by the Appeals Council on July 21, 2011. (*Id.*) On July 21, 2011, the Appeals Council sent Plaintiff notice of its action and the right to commence a civil action in federal district court within sixty days from the date of receipt of the notice. (*Id.*) Plaintiff

submitted a request for an extension of time in which to file a civil action on September 27, 2011, after the deadline for filing had passed. (*Id*.) The Appeals Council informed Plaintiff and Plaintiff's representative by letter dated December 1, 2011, that the request had been denied. (Doc. 14, Exh. 4)

On October 24, 2011, Plaintiff submitted his complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and his complaint was filed. (Doc. 4) The Commissioner filed a motion to dismiss on December 8, 2011, due to Plaintiff's failure to timely seek judicial review, with supporting documentation from the administrative proceedings. (Doc. 14)[1] Plaintiff has not filed a response to this motion.

## DISCUSSION

Judicial review of the "final decision of the Commissioner made after a hearing" regarding any claim arising under Titles II and XVI of the Social Security Act must be "commenced within sixty days after the mailing to [the Plaintiff] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405 (g) and (h). The regulations interpret "mailing" as the date of receipt by the individual of the Appeals Council's notice of decision or denial of the request for review, which is presumed to be five days after the date on the Appeals Council's notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.981, 404.901, 422.210(c). The sixty-day limitations period was upheld by the Fifth Circuit Court of Appeals in *Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991).

---

[1] This cause was initially assigned to United States District Court Judge Philip R. Martinez. After both parties entered notices consenting to Magistrate Judge jurisdiction, the cause was reassigned to this Court. (Docs. 3, 15, 16)

The Supreme Court has found that the sixty-day limitations period, as a condition on the waiver of sovereign immunity, must be strictly construed. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Block v. North Dakota*, 461 U.S. 273, 287 (1983). The sixty-day limitations period, in a rare case, may be tolled by the Commissioner or the courts. *See City of New York*, 476 U.S. at 479-80. The Commissioner should make the determination whether to extend the period in most cases only—"where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. *Id*. (*quoting Mathews v. Eldridge*, 424 U.S. 319, 330 (1976))

Plaintiff is presumed to have received notice of the Appeals Council's action within five days of July 21, 2011, the date of the notice. (Doc. 14, Exh. 2) Thus, the deadline for Plaintiff to timely commence action in federal district court was September 24, 2011. Plaintiff did not commence his action until October 24, 2011. Although Plaintiff did request an extension of time in which to file on September 27, 2011, three days after the deadline to file in federal court had expired, such request was eventually denied. (*See* Doc. 14, Declaration at 3) The Appeals Council denied the request by letter dated December 1, 2011, stating that the Council had found that good cause had not been established to extend the time to file a civil action. (*Id*.) Plaintiff has not filed a response to the Commissioner's motion to dismiss arguing that deference to the agency's judgment is inappropriate and setting forth the equities in favor of tolling the limitations period.

Having reviewed the documents from the administrative proceedings provided by the Commissioner, the Court does not find that the equities in favor of tolling are so great that deference to the agency's judgment is inappropriate. The only reason given for requesting a 30 day extension of time, three days after the deadline for filing had passed, was that counsel had only recently been

retained as counsel for Plaintiff. (Doc. 14, Exh. 3)  The Court agrees with the Appeals Council that this does not establish good cause.  Additionally, the Court notes that Plaintiff was represented by Hector Reyes at the hearing before the ALJ. (Doc. 14, Exh. 1 at 4)  Hector Reyes was sent notice of the Appeals Council Action. (Doc. 14, Exh. 2 at 3)  The request for an extension of time filed by the undersigned attorney, Cheryl Langston, was written on Reyes & Reyes Law Firm letterhead, reflecting that Hector Reyes and Cheryl Langston work at the same firm. (Doc. 14, Exh. 3)

## CONCLUSION

For the reasons stated above, the Commissioner's motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED** with prejudice.

**SIGNED** and **ENTERED** on January 18, 2012.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE